ROBERT E. BOYCE
State Bar No. 79806
BOYCE & SCHAEFER
Attorney at Law
934 23rd Street
San Diego, CA  92102
619/232-3320
rb@boyce-schaefer.com

Attorney for Defendant
CHRISTOPHER BATLINER

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 15CR1632-CAB |
| Plaintiff, | **NOTICE OF MOTION AND MOTION:** |
| v. | **1)  TO COMPEL DISCOVERY/PRESERVE EVIDENCE; AND** |
| CHRISTOPHER BATLINER, | **2)  GRANT LEAVE TO FILE FURTHER MOTIONS** |
| Defendant. | |

Date:       July 17, 2015
Time:       10:30 a.m.

## I.

## STATEMENT OF FACTS

In an Indictment filed June 19, 2015, defendant CHRISTOPHER BATLINER, was charged with violations of 18 U.S.C. § 2422, 18 U.S.C. § 2251(d)(1), 18 U.S.C. § 2252(a)(2) and (b), 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2232(a).

## II.

## MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE

Mr. Batliner moves for the production by the government of the following discovery and for the preservation of evidence.  This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency.  See generally *Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Bryan*, 868 F.2d

-1-

1032 (9th Cir. 1989).

(1)   The Defendant's Statements.   The government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; and any response to any *Miranda* warnings which may have been given to the defendant.  Fed.R.Crim.P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear the government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2)   Arrest Reports, Notes and Dispatch Tapes.   The defendant also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained.  Such material is discoverable under Fed.R.Crim.P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963).  The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch and other tapes, sworn statements, and prosecution reports pertaining to the defendant and his arrest. See, Fed.R.Crim.P. 16(a)(1)(B) and (C), Fed.R.Crim.P. 26.2 and 12(I).

(3)   *Brady* Material.   The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Under *Brady*, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States*

1    *v. Agurs*, 427 U.S. 97 (1976).

2    (4)    <u>Any Information That May Result in a Lower Sentence Under the</u>

3    <u>Guidelines</u>.    The government must produce this information under *Brady v.*

4    *Maryland*, 373 US. 83 (1963).  This request includes any cooperation or attempted

5    cooperation by the defendant as well as any information that could affect any base

6    offense level or specific offense characteristic under Chapter Two of the Guidelines.

7    The defendant also requests any information relevant to a Chapter Three adjustment,

8    a determination of the defendant's criminal history, and information relevant to any

9    other application of the Guidelines.

10    (5)    <u>The Defendant's Prior Record</u>.  The defendant requests disclosure of his

11    prior record.  Fed.R.Crim.P. 16(a)(1)(B).

12    (6)    <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence

13    of prior similar acts under Fed.R.Crim.P. 16(a)(1)(C) and Fed.R.Evid. 404(b) and

14    609.    In addition, under Fed.R.Evid. 404(b), "upon request of the accused, the

15    prosecution . . . shall provide reasonable notice in advance of trial . . . of the general

16    nature" of any evidence the government proposes to introduce under Fed.R.Evid.

17    404(b) at trial.  The defendant requests such notice sufficiently in advance of trial in

18    order to give the defense time to adequately investigate and prepare for trial.

19    (7)    <u>Evidence Seized</u>.  The defendant requests production of evidence seized

20    as a result of any search, either warrantless or with a warrant.  Fed.R.Crim.P.

21    16(a)(1)(C).

22    (8)    <u>Request for Preservation of Evidence</u>.  The defendant specifically

23    requests the preservation of all dispatch tapes or any other physical evidence that may

24    be destroyed, lost, or otherwise put out of the possession, custody, or care of the

25    government and which relate to the arrest or the events leading to the arrest in this

26    case.  This request includes, but is not limited to, the results of any fingerprint

27    analysis, the defendant's personal effects, the vehicles, and any evidence seized from

28    the defendant or any third party.

1    (9)    Tangible Objects. The defendant requests the opportunity to inspect and

2 copy as well as test, if necessary, all other documents and tangible objects, including

3 photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of

4 portions thereof, which are material to the defense or intended for use in the

5 government's case-in-chief or were obtained from or belong to the defendant.

6 Fed.R.Crim.P. 16(a)(1)(C).

7    (10)    Expert Witnesses. The defendant requests the name, qualifications, and

8 a written summary of the testimony of any person that the government intends to call

9 as an expert witness during its case in chief.  (Fed.R.Crim.P. 16(a)(1)(E)).

10    (11)    Evidence of Bias or Motive to Lie. The defendant requests any evidence

11 that any prospective government witness is biased or prejudiced against the

12 defendant, or has a motive to falsify or distort his or his testimony.

13    (12)    Impeachment Evidence.  The defendant requests any evidence that any

14 prospective government witness has engaged in any criminal act whether or not

15 resulting in a conviction and whether any witness has made a statement favorable to

16 the defendant.  See, Fed.R.Evid. 608, 609 and 613; *Brady v. Maryland*.  In addition,

17 Assistant United States Attorney Scott Jones, the Assistant United States Attorney

18 assigned to this case, oversees a review of all personnel files of each agent involved

19 in the present case for impeachment material. This includes any internal investigation

20 or agency proceedings involving Agent Meaghan Queally. *Kyles v. Whitley*, 514 U.S.

21 419 (1995); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); but see, *United*

22 *States v. Herring*, 83 F.3d 1120 (9th Cir. 1996).

23    (13)    Evidence of Criminal Investigation of Any Government Witness. The

24 defendant requests any evidence that any prospective witness is under investigation

25 by federal, state or local authorities for any criminal conduct.

26    (14)    Evidence Affecting Perception, Recollection, Ability to Communicate,

27 or Truth Telling.  The defense requests any evidence, including any medical or

28 psychiatric report or evaluation, that tends to show that any prospective witness'

1    ability to perceive, remember, communicate, or tell the truth is impaired, and any

2    evidence that a witness has ever used narcotics or other controlled substance, or has

3    ever been an alcoholic.

4         (15)   Witness Addresses.  The defendant requests the name and last known

5    address of each prospective government witness.  The defendant also requests the

6    name and last known address of every witness to the crime or crimes charged (or any

7    of the overt acts committed in furtherance thereof) who will not be called as a

8    government witness.

9         (16)   Name of Witnesses Favorable to the Defendant.  The defendant requests

10   the name of any witness who made an arguably favorable statement concerning the

11   defendant or who could not identify him or who was unsure of his identity, or

12   participation in the crime charged.

13        (17)   Statements Relevant to the Defense.  The defendant requests disclosure

14   of any statement relevant to any possible defense or contention that he might assert.

15        (18)   Jencks Act Material.  The defendant requests production in advance of

16   trial of all material, including dispatch tapes, which the government must produce

17   pursuant to the Jencks Act, 18 U.S.C. § 3500.  Advance production will avoid the

18   possibility of delay at the request of defendant to investigate the Jencks material.  A

19   verbal acknowledgment that "rough" notes constitute an accurate account of the

20   witness' interview is sufficient for the report or notes to qualify as a statement under

21   section 3500(e)(1).  *Campbell v. United States*, 373 U.S. 487, 490-92 (1963).  In

22   *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that

23   when an agent goes over interview notes with the subject of the interview the notes

24   are then subject to the Jencks Act.

25        Also, because Agent Meaghan Queally has testified, her grand jury testimony

26   must now be provided in discovery.

27        (19)   *Giglio* Information.  Pursuant to *Giglio v. United States*, 405 U.S. 150

28   (1972), the defendant requests all statements and/or promises, express or implied,

1    made to any government witnesses, in exchange for their testimony in this case, and

2    all other information which could arguably be used for the impeachment of any

3    government witnesses.

4        (20)   <u>Agreements Between the Government and Witnesses</u>.  The defendant

5    requests discovery regarding any express or implicit promise, understanding, offer of

6    immunity, of past, present, or future compensation, or any other kind of agreement

7    or understanding, including any implicit understanding relating to criminal or civil

8    income tax, forfeiture or fine liability, between any prospective government witness

9    and the government (federal, state and/or local).  This request also includes any

10   discussion with a potential witness about or advice concerning any contemplated

11   prosecution, or any possible plea bargain, even if no bargain was made, or the advice

12   not followed.

13       (21)   <u>Informants and Cooperating Witnesses</u>.   The defendant requests

14   disclosure of the names and addresses of all informants or cooperating witnesses used

15   or to be used in this case, and in particular, disclosure of any informant who was a

16   percipient witness in this case or otherwise participated in the crime charged against

17   Mr. Batliner.  The government must disclose the informant's identity and location,

18   as well as disclose the existence of any other percipient witness unknown or

19   unknowable to the defense.  *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957).

20   The government must disclose any information derived from informants which

21   exculpates or tends to exculpate the defendant.

22       (22)   <u>Bias by Informants or Co-operating Witnesses</u>. The defendant requests

23   disclosure of any information indicating bias on the part of any informant or

24   cooperating witness. *Giglio v. United States*, 405 U.S. 150 (1972). Such information

25   would include what, if any, inducements, favors, payments or threats were made to

26   the witness to secure cooperation with the authorities.

27       (23)   <u>Residual Requests</u>.  Mr. Batliner intends by this discovery motion to

28   invoke his rights to discovery to the fullest extent possible under the Federal Rules

1   of Criminal Procedure and the Constitution and laws of the United States.  Mr.

2   Batliner requests the government provide him and his attorney with the above

3   requested material sufficiently in advance of trial to avoid unnecessary delay prior to

4   cross-examination.

5                                                       **III.**

6                 **REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

7           To date, Mr. Batliner and defense counsel have not received complete discovery

8   from the government.  Counsel requests leave to file further motions based upon

9   information gained through the discovery process.

10                                                      **IV.**

11                                              **CONCLUSION**

12          For the foregoing reasons, the defendant respectfully requests the Court grant

13   the motions made by the defendant.

14                                                 Respectfully submitted,

15

16   Dated: July 2, 2015

                                                        /s/ Robert E. Boyce
17                                                      ROBERT E. BOYCE
                                                        Attorney for Defendant
18                                                      CHRISTOPHER BATLINER

19

20

21

22

23

24

25

26

27

28